IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES MCFADDEN, ) | Civil Action No.: 4:17-CV-00455-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE TOWN OF LANE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Currently pending before the court is Defendant's Motion for Judgment on the Pleadings [ECF #8] and Plaintiff's Motion to Amend Complaint [ECF #15]. Both parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

### **Factual Background and Procedural History**

On January 11, 2017, Plaintiff Charles McFadden filed this civil action against Defendant Town of Lane in the South Carolina Court of Common Pleas alleging breach of employment contract for failure to pay overtime wages, and further seeking treble damages and a declaratory judgment that Plaintiff is an hourly, non-exempt employee of Defendant. [ECF #1-1]. On February 16, 2017, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1441(a) because it appeared on the face of the Complaint that the claimed violations, based on the failure to pay overtime wages, arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

*seq*. (the "FLSA"), thereby providing original and removal jurisdiction. Thereafter, on February 28, 2017, Defendant filed a Motion pursuant to Rule 12(c) requesting judgment on the pleadings. Defendant argues that the FLSA preempts Plaintiff's action for breach of contract and the claims under the South Carolina Wage Payment Act. [ECF #8-1, p. 2]. Defendant further argues that the FLSA does not apply in this case because as an employee working for a public agency employing less than five employees, Plaintiff is not covered by the FLSA pursuant to 29 U.S.C. § 213(b)(20). [ECF #8-1, p. 5]. Plaintiff filed his reply to the motion on March 29, 2017. [ECF #14]. Within his reply, Plaintiff concedes that the FLSA is, in fact, the exclusive remedy for overtime pay claims, and further that the FLSA exempts Plaintiff in his position as the Chief of Police for Defendant. [ECF #14, p. 1]. Thus, he agrees that Defendant is entitled to the requested relief. Instead, Plaintiff requests in his reply, and filed contemporaneously with his reply, that this Court grant a Motion to Amend Complaint to seek relief under the South Carolina Payment of Wages Act, § 41-10-10 *et seq.* [ECF #15]. Within Plaintiff's Motion to Amend his Complaint, he specifically notes that he does not seek remand to state court. [ECF #15, p. 1].

**Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED R. CIV. P. 12(c). The standard for Rule 12(b)(6) motions applies to motions for judgment on the pleadings, as well. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). A Rule 12(c) motion tests the sufficiency of the complaint; it does not resolve the merits of the claim or questions of fact. *Id.* (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)).

2

Rule 15 governs motions to amend a complaint. Under this Rule, at this stage in the litigation, a party may only amend its pleadings with the opposing party's written consent or the court's leave. FED R. CIV. P. 15(a)(2). The court should freely give leave when justice so requires. FED R. CIV. P. 15(a)(2). However, a district court may deny a motion to amend a complaint when the amendment would be: (1) prejudicial to the opposing party; (2) the moving party has acted in bad faith; or (3) the amendment would be futile. *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Defendant in this case does not consent to Plaintiff's motion to amend his Complaint.

## Discussion

### A. Motion for Judgment on the Pleadings

Here, Defendant requests this Court grant its Motion for Judgment on the Pleadings. The Plaintiff concedes that given the arguments made by Defendant, Defendant is entitled to the requested relief. Plaintiff further seeks a dismissal without prejudice, should this Court decide to grant the motion. This Court's review of the pleadings, including Plaintiff's asserted claims and arguments made by counsel reveal that it would be appropriate to grant this Motion. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007) (discussing the elaborate enforcement scheme established by the FLSA and preemption of state laws); *see generally Nimmons v. RBC Ins. Holdings (U.S.A.) Inc.*, No. 6:07-CV-2637, 2007 WL 4571179 (D.S.C. Dec. 27, 2007); *Rodall v. City of Columbia*, No. 3:13-207, 2015 WL 178112 (D.S.C. Jan. 14, 2015). This Court thus grants Defendant's Motion for Judgment on the Pleadings, in light of the further reasoning regarding Plaintiff's Motion to Amend Complaint below.

3

### B. Motion to Amend Complaint

Plaintiff has requested this Court allow him to amend his Complaint to seek relief pursuant to the South Carolina Payment of Wages Act, § 41-10-10 *et seq*. While Plaintiff acknowledges that his overtime wage claims are preempted by the FLSA, he argues that he can still seek compensation for "additional pay for hours he worked, over and above his regular eight hour shifts" pursuant to S.C. Code Ann. §§ 41-10-40, 41-10-50 and 41-10-80. [ECF #15, p. 1]. Defendant responds that despite the altered nomenclature, Plaintiff still seeks to recover for the alleged failure to pay him overtime, and further, that other than requesting the relief under South Carolina law, the remainder of his causes of action remain the same. [ECF #16, p. 1]. Additionally, Defendant argues that Plaintiff fails to make a valid claim for additional compensation because he does not assert a violation of any legal authority. [ECF #16, pp. 1-2].

A review of the proposed amended complaint reveals that Plaintiff replaced the term "overtime" with "extra hours worked" over the prescribed eight hours. [ECF #15-1, p. 1]. Also, he does not appear to seek "overtime" as compared to page 5, paragraph 11 of his original Complaint seeking pay at "one and one-half times" his regular pay rate, and as further alleged at page 5, paragraph 15. [ECF #1-1].

In any event, this Court finds a more fundamental problem with Plaintiff's Complaint given his concession that a Motion for Judgment on the Pleadings should be granted as to the asserted claims in his original Complaint, which appear to be premised under the overtime pay requirement provisions of the FLSA. Plaintiff now seeks to amend the Complaint to bring all claims under the South Carolina Payment of Wages Act, which if permitted, would require this Court to

exercise supplemental jurisdiction purely over a state law claim with no federal claims. This case was removed by Defendant on the basis that this Court has original jurisdiction over this case pursuant to the fact "it appears upon the fact of the Complaint that this action arises under . . . the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*" By virtue of the fact that, with Plaintiff's concession in his reply to Defendant's motion [ECF #14], this Court is granting the Motion for Judgment on the Pleadings as to any claims brought by Plaintiff under the FLSA because it is inapplicable under these facts, and in any event would preempt state law, this Court no longer has original jurisdiction over this lawsuit based on a federal question presented to the Court and declines to exercise supplemental jurisdiction to the extent it could do so. Furthermore, both Plaintiff and Defendant are South Carolina residents, and the pleadings do not otherwise allege that the amount in controversy is satisfied. Thus, this Court does not have diversity jurisdiction to hear these claims, either. In other words, it would be futile for Plaintiff to amend his complaint.

While conceivably this Court could deny the Motion for Judgment on the Pleadings, and allow Plaintiff to amend the Complaint to bring purely "state law" claims against this Defendant, given the arguments of the parties, this Court feels it is proper to dismiss the action without prejudice. To the extent this Court could conceivably exercise supplemental jurisdiction over these claims because they were initially pled as claims under the FLSA, this court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's acknowledges that his causes of action as presently pled are not cognizable under the FLSA, which was the basis for removal, and at best, after amendment he may be able to plead and prove a "state law" claim.

5

Accordingly, this Court denies Plaintiff's Motion to Amend Complaint to assert purely state law claims against this Defendant based on these facts and procedural posture.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendant's Motion to Dismiss, Plaintiff's response to the motion, Defendant's reply, and the applicable law. For the reasons stated above, and based on Plaintiff's concession in his reply to Defendant's Motion [ECF #14, p. 1], Defendant's Motion for Judgment on the Pleadings [ECF #8] is **GRANTED**. Furthermore, this Court has thoroughly reviewed Plaintiff's Motion to Amend Complaint and Defendant's response to said motion. For the reasons state above, Plaintiff's Motion to Amend Complaint [ECF #15] is **DENIED**. Plaintiff's Complaint is dismissed **without prejudice**.

**IT IS SO ORDERED.**

Florence, South Carolina  
April 28, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge